**Hery Santoso Poerwo SOEMANTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–74475.**

United States Court of Appeals, Ninth Circuit.

Sept. 8, 2008.*

Filed Sept. 30, 2008.

Curtis F. Pierce, Esquire, Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department Of Homeland Security, Los Angeles, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Hogan, Senior Litigation Counsel, Linda S. Wendtland, Esquire, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Hery Santoso Poerwo Soemanto, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's determinations that Soemanto did not file his asylum claim within a reasonable time period after learning that he had been given ineffective assistance of counsel and that no additional extraordinary circumstances excused the untimely filing. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir.2008).

 Substantial evidence supports the IJ's determination that the harm Soemanto suffered did not rise to the level of past persecution. *See Nagoulko*, 333 F.3d at 1016–18. Even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386

F.3d 922, 927–29 (9th Cir.2004), applies in the context of withholding of removal, substantial evidence supports the agency's determination that Soemanto failed to demonstrate that it was more likely than not he will be persecuted if he returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Additionally, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc).

Substantial evidence also supports the agency's determination that Soemanto is not entitled to CAT relief because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Soemanto's motion to hold proceedings in abeyance is denied.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.